**Daniel BEEGAN, Plaintiff,**

v.

**The ASSOCIATED PRESS; Connecticut General Life Insurance Co., Defendants.**

**No. Civ. 98–329–P–C.**

United States District Court,
D. Maine.

March 11, 1999.

Paul F. Marcri, John E. Sedgewick, Berman & Simmons, P.A., Lewiston, Maine, for plaintiff Daniel H. Beegan.

Richard G. Moon, Moon, Moss, McGill & Bachelder, P.A., Portland, Maine, for defendant Associated Press.

Alison Denham, Douglas, Denham, Rogers & Hood, Portland, Maine, for defendant Connecticut General Life Insurance Co.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Daniel Beegan, Plaintiff, brought this suit against Associated Press and Connecticut General Life Insurance Company ("Connecticut General"), Defendants, alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and breach of contract. Now before the Court is Defendant Associated Press's motion brought pursuant to Fed.R.Civ.P. 12(b)(6), in which Associated Press seeks dismissal of this action against it on the ground that it is not a proper defendant to claims under ERISA and that Mr. Beegan's state law breach of contract claim is preempted by ERISA (Docket No. 3).

## I. BACKGROUND

Because the Court is considering a motion to dismiss, it will set forth the facts as stated in Mr. Beegan's Amended Complaint. Mr. Beegan was an employee of the Associated Press until July 1, 1994, when he applied for long-term disability benefits ("LTD benefits"). Amended Complaint (Docket No. 2) ¶ 1 at 2. At all relevant times, Mr. Beegan was covered by a group long-term disability insurance policy ("LTD Policy"), which was available to employees of Associated Press and was issued, administered, and underwritten by Connecticut General. Id. ¶ 1. Connecticut General was the designated administrator and fiduciary of the LTD Policy. Id. ¶ 4.

Under the LTD Policy, eligible employees disabled due to sickness or accidental bodily injury may receive LTD benefits for twenty-four months. Id. ¶ 10. In addition, eligible employees who are disabled because of a physical disability may continue to receive LTD benefits beyond the twenty-four-month period if the disability completely prevents him or her from engaging in any occupation for which he or she is qualified by training, education, or experience. Id. ¶ 11. Finally, the LTD Policy limits the period for which a person disabled because of a mental illness or functional nervous disorder may receive LTD benefits to twenty-four months. Id. ¶ 12.

Mr. Beegan suffers from major recurrent and severe depression, irritable bowel syndrome, and degenerative arthritis in his left hip, shoulder, hands, and knees, id. ¶ 1 at 2, and his application for LTD benefits was granted by letter dated January 31, 1995. Id. In April of 1996, Mr. Beegan submitted a supplemental application for benefits wherein he stated that he suffered from somatic dysfunction, cervical and lumbar spine problems, panic disorder, chronic depression, fatigue, sadness, poor concentration, back/neck pain, and cranial strain pattern. Id. On April 30, 1996, Connecticut General notified Mr. Beegan that he was not eligible for benefits beyond the twenty-four months due to the mental illness limitation under the LTD Policy. Id. ¶ 13. Mr. Beegan furnished the insurance company with medical reports and records which allegedly demonstrate that he is physically disabled and unable to engage in any occupation for which he is qualified by training, education, or experience. Id. ¶ 14. Connecticut General continues to deny his claim and provided Mr. Beegan with a final written denial of his claim for LTD benefits on June 27, 1997. Id. Upon the termination of his LTD benefits, Associated Press terminated his employment and discontinued his group health and life insurance and his pension benefits. Id. ¶¶ 25–26

## II. DISCUSSION

The principle argument set forth by Mr. Beegan in this case is that Connecticut General mistakenly and wrongfully determined that he suffers from a mental disability and accordingly limited his receipt of LTD benefits to two years. In Count I, Mr. Beegan contends that he is entitled to receive benefits beyond the two-year limitation under the terms of the LTD policy because his disability is physical in nature and he meets the LTD Policy's definition of permanent disability. Amended Complaint ¶ 17. In Count II, he alleges that the handling of his claim for LTD benefits breached requirements imposed by the LTD Policy and responsibilities imposed upon fiduciaries under ERISA. Finally, Mr. Beegan argues in Count III that Associated Press breached a contract which required it to continue to pay his employee fringe benefits, such as group health and life insurance and pension benefits, while he was receiving or eligible to receive LTD benefits. Associated Press's motion to dismiss requires the Court to ascertain whether: 1) Associated Press is a proper defendant to the foregoing claims under ERISA and 2) Mr. Beegan's state common law breach of contract claim against Associated Press is preempted by ERISA.

A motion to dismiss tests the legal sufficiency of the complaint and thus does not require the court to examine the evidence at issue. *See Carey v. Mt. Desert Island Hospital,* 910 F.Supp. 7, 9 (D.Me.1995). The plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. *See Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). Thus, a Rule 12(b)(6) motion requires the court to take all of the plaintiff's factual averments as true and indulge every reasonable inference in the plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). However, the court need not accept "bald assertions" or "unsubstantiated conclusions." *Id.* at 52. A motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief. *Gooley,* 851 F.2d at 514.

*A. Employer As A Proper Defendant To Claims Brought Under ERISA.*

■ The Court first examines Associated Press's argument that it is an improper party to Mr. Beegan's ERISA claims contained in Counts I and II of his Amended Complaint. Associated Press was Mr. Beegan's employer until July 1, 1994. Amended Complaint ¶ 1. ERISA permits suits to recover benefits only against the Plan as an entity, *see* 29 U.S.C. § 1132(a)(1)(B), (d) and suits for breach of fiduciary duty only against the fiduciary. *See* 29 U.S.C. § 1109(a). In addition, ERISA requires that an employee benefit plan designate a plan administrator and to identify those persons or entities who are responsible for the administration of the plan and have a fiduciary duty thereunder. *See* 29 U.S.C. § 1102(a). Where such designation is lacking, ERISA defines an administrator as the employee benefit plan's sponsor. *See* 29 U.S.C. § 1002(16)(B). The sponsor of an employee benefit plan is defined as the participant's employer. *See* 29 U.S.C. § 1002(16)(B). An employer is, thus, a proper party to an ERISA suit brought pursuant to 29 U.S.C. § 1132 if it is the designated plan administrator or fiduciary. In addition, an employer is a proper party to an ERISA suit if it is the employee benefit plan's sponsor and no other administrator or fiduciary has been designated. *See Rossi v. Boston Gas Co.,* 833 F.Supp. 62, 67 (D.Mass.1993).

■ In the case at bar, Mr. Beegan alleges that, upon information and belief, Connecticut General is the "Designated Plan Administrator and/or named fiduciary of the employee welfare benefit plan, ... within the meaning of ERISA, 29 U.S.C. § 1002(16)(A)(i) and (B)(i)." Amended Complaint ¶ 4. Nowhere in his Amended Complaint does Mr. Beegan allege that Associated Press is a designated plan administrator or fiduciary under the Plan. According to the allegations of Mr. Beegan's Amended Complaint, the LTD Policy properly designates Connecticut General as the plan administrator and named fiduciary of the LTD Policy. Accordingly, Associated Press is not the plan administrator or fiduciary by designation. Nor is Associated Press the plan administrator or fiduciary because the LTD Policy fails to designate one. Thus, it appears under ERISA's plain requirements and the allegations in the Amended Complaint that Associated Press is not a proper party defendant to Mr. Beegan's ERISA claims.

■ In cases where a plan administrator and fiduciary, other than the employer, is designated, an employer may still be a proper defendant to an ERISA claim. Those courts which have considered whether an employer is a proper party in a suit such as this one, brought pursuant to 29 U.S.C. § 1132, carved out the exception that an employer may be named a defendant in an ERISA action if the plaintiff shows that the employer controlled or influenced the administration of the plan. *See Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52, (1988); *McLaughlin v. Reynolds,* 886

F.Supp. 902, 906 (D.Me.1995); *Marcum v. Zimmer*, 887 F.Supp. 891, 894 (S.D.W.Va. 1995); *Rossi*, 833 F.Supp. at 67; *Green v. Eastern Airlines*, 138 F.R.D. 146, 147 (M.D.Fla.1991); *Adamo v. Anchor Hocking Corp.*, 720 F.Supp. 491, 498 (W.D.Pa. 1989); *Reynolds v. Bethlehem*, 619 F.Supp. 919, 928 (D.Md.1984); *Foulke v. Bethlehem 1980 Salaried Pension Plan*, 565 F.Supp. 882, 883 (E.D.Pa.1983); *Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan*, 481 F.Supp. 454, 457–58 (N.D.Ga.1979); *Barrett v. Thorofare Markets, Inc.*, 452 F.Supp. 880, 884 (W.D.Pa. 1978); *see also Law v. Ernst & Young*, 956 F.2d 364, 372–73 (1st Cir.1992) (reasoning that employer "controlled the provision of information concerning ... [the] ERISA plan" and is, thus, a proper defendant to a claim under section 1132(c) of ERISA). Where an administrator has been appointed by the plan, it is the responsibility of the plaintiff to show that the employer influenced or controlled the administrator's or fiduciary's decision. *See Rossi*, 833 F.Supp. at 67 (*citing Reynolds*, 619 F.Supp. at 928–29). Accordingly, in order to determine whether he may sustain recovery under ERISA against Associated Press, the Court will examine Mr. Beegan's Amended Complaint to determine whether he has set forth any factual allegations, either direct or inferential, tending to show that Associated Press exercised control or influence over the LTD Policy or the decision to limit Mr. Beegan's LTD benefits to twenty-four months.

■ Mr. Beegan concedes that a benefit plan participant's employer is not a proper defendant unless it is shown that it was involved with the administration of the plan. However, he contends that he sets forth facts in his Amended Complaint from which it can be inferred that Associated Press exercised control or influence over the LTD Policy. Specifically, he points to his allegation that the LTD Policy was administered by Connecticut General *"for*

defendant Associated Press." *See* Amended Complaint ¶ 1 at 1 (emphasis added). Additionally, Mr. Beegan alleges in his statements of liability and prayers for relief in Count I and Count II that *both* the Associated Press and Connecticut General wrongfully terminated his disability payments and breached the requirements imposed on fiduciaries to the LTD Policy under ERISA. *Id.* ¶¶ 19, 21, 23. Mr. Beegan contends that these allegations are sufficient to show that he may be able to show at trial that Associated Press controlled or influenced the LTD Policy.

These bald allegations are conclusory statements and are insufficient to survive a motion to dismiss. Mr. Beegan's contention that Connecticut General administered the benefit plan for Associated Press directly and inferentially supports the allegation that Associated Press was the LTD Policy sponsor and that Connecticut General was responsible for its administration. It does not support the inference that Associated Press exercised control over or influenced the administration of the LTD Policy or the decision to apply the two-year term limit to Mr. Beegan's LTD benefits in this case. In fact, it more likely supports the inference that Associated Press did *not* control the administration of the plan and was *not* involved in decisions relating to employment benefits under the plan and that such responsibility was left to Connecticut General. In addition, the allegations contained in paragraphs 19, 21, and 23 of the Amended Complaint are conclusory assertions of liability and do not support or contradict an inference as to Associated Press's control or influence over the plan. The Court has carefully considered the remaining allegations in Mr. Beegan's Amended Complaint and finds that Mr. Beegan has not alleged any facts or set of facts which could support the allegation that Associated Press controlled or influenced decisions made under the LTD Policy.[1] Accordingly, the Court

---

1. The Court's reasoning in this regard is in accord with ERISA's statutory framework.

As set forth above, where the plan does not designate a plan administrator, ERISA de-

will grant Associated Press's motion to dismiss Counts I and II against it.

## B. ERISA Preemption and Mr. Beegan's Breach of Contract Claim (Count III).

In Count III, Mr. Beegan contends that his employment contract with Associated Press was breached when Associated Press terminated his employment which resulted in the loss of his fringe benefits including group health and life insurance and pension benefits. Amended Complaint ¶¶ 25–26. ERISA provides that "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The statute defines the term "State law" as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). The purpose of ERISA's preemption provision is to "ensure uniformity in [employee welfare] plans by preventing states from imposing divergent obligations upon them." *See Boston Children's Heart Found., Inc. v. Nadal–Ginard,* 73 F.3d 429, 439 (1st Cir.1996) (*citing Simas v. Quaker Fabric Corp. of Fall River,* 6 F.3d 849, 852 (1st Cir.1993)).

The Supreme Court has interpreted ERISA's preemption provision broadly to cover any state law that "has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983); *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138–39, 111 S.Ct. 478, 482–83, 112 L.Ed.2d 474 (1990). "Such a preemption is worked 'regardless of whether there is a comfortable fit between a state statute and ERISA's overall

aims.' " *Boston Children's Heart Found., Inc.,* 73 F.3d at 439 (*quoting Simas,* 6 F.3d at 852 (internal citations omitted)). Normally, however, laws of general applicability, such as state common law of contracts at issue in this case, have merely a "tenuous, remote, or peripheral connection with a covered benefit plan" and may not be preempted by ERISA. *District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 130 n. 1, 113 S.Ct. 580, 583 n. 1, 121 L.Ed.2d 513 (1992); *Boston Children's Heart Found., Inc.,* 73 F.3d at 439. However, the Court of Appeals for the First Circuit has explained that "a court cannot conclude that a state law is one of general applicability, and as such is not preempted by ERISA, based on the form or label of the law ... and absent precedent on a closely related problem, the inquiry into whether a state law 'relates to' an ERISA plan or is merely 'tenuous, remote, or peripheral' requires the court to look at the facts of particular case [*sic*]." *Boston Children's Heart Found., Inc.,* 73 F.3d at 439–40. Hence, the Court must examine the particular facts of Mr. Beegan's claim in Count III.

Cases examining whether state common law causes of action are preempted provide helpful guidance. In *Ingersoll–Rand Co. v. McClendon,* the Supreme Court held that a state law claim for wrongful discharge was preempted by ERISA. The state court had held that the employer violated state public policy by discharging an employee in order to deny him pension benefits under an ERISA plan. *See Ingersoll–Rand Co.,* 498 U.S. at 136, 111 S.Ct. at 481. The Supreme Court held that because "the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge

fines the plan administrator as the employee benefit plan's sponsor. *See* 29 U.S.C. § 1002(16)(B). The sponsor of an employee benefit plan is defined as the participant's employer. *See* 29 U.S.C. § 1002(16)(B). Accordingly, an employer is a proper party to an ERISA suit if it is the employee benefit plan's sponsor and no other administrator or fiduciary has been designated. Thus, under

ERISA, an employer can fully delegate responsibility for administering the plan to a designated plan administrator. To hold that where a plaintiff merely alleges that an insurance company administers the plan for the employer, the employer still controls the administration of the plan, would vitiate the principle that an employer sponsor can delegate this responsibility.

law," the state law "relates to" ERISA, and the cause of action was preempted. *Ingersoll–Rand,* 498 U.S. at 139–40, 111 S.Ct. at 483. Likewise, in *McMahon v. Digital Equipment Corp.,* 998 F.Supp. 62, 64 (D.Mass.1998) (Collings, M.J.), an ERISA plan participant sued her employer for breach of contract, negligence, and interference with an advantageous business relationship for allegedly improperly terminating her short-term disability benefits, ordering her back to work, and subsequently terminating her employment because of a reduction-in-workplace plan which would not have applied to her had she continued to receive short-term disability benefits. The court reasoned that establishing plaintiff's claims for breach of contract, negligence, and intentional interference with advantageous relationship would require plaintiff to demonstrate that under the terms of the plan, she continued to qualify for short-term disability benefits after the date upon which she was ordered back to work. *See id.* at 68–69. Because her state law claims required the fact finder to examine the terms of the ERISA plan, they were preempted by ERISA. *See id.; see also Vartanian v. Monsanto Co.,* 14 F.3d 697 (1st Cir.1994) (similarly holding that the plaintiff's state law claims for breach of fiduciary duty, discrimination, and misrepresentation were preempted by ERISA because in order to determine whether the plaintiff could prevail, the court would need to inquire into the terms of the plan); *Carlo v. Reed Rolled Thread Die Co.,* 49 F.3d 790 (1st Cir.1995)

(holding that a state law claim for negligent misrepresentation was preempted because in order to calculate the plaintiff's damages, the court would need to examine the terms of the plan).

 Therefore, if in order to establish that a plaintiff has a claim under state law, a fact finder must refer to the terms of an ERISA plan, the state law claim is preempted by ERISA. Application of the foregoing principle to the facts of the instant case indicates that preemption of Mr. Beegan's state law claim for breach of contract is warranted. Mr. Beegan alleges that Associated Press was required to continue his fringe benefits as an employee while he was receiving or was eligible to receive LTD benefits. The essence of Mr. Beegan's claim is that Associated Press's termination of his employment and its discontinuation of his employment benefits constitute a breach of contract because they were based on the wrongful termination of his LTD benefits. The locus of Mr. Beegan's breach of contract claim is that his LTD benefits were wrongfully terminated. Resolution of Mr. Beegan's claim clearly requires the fact finder to determine whether his LTD benefits were wrongfully terminated. The only way to answer this question is to examine the terms of the LTD Policy. Thus, Mr. Beegan's state law claims against Associated Press are preempted by ERISA.[2]

### III. CONCLUSION

To conclude, the Court finds that Counts I and II pursuant to 29 U.S.C. § 1132(a),

---

**2.** Mr. Beegan argues that the *McMahon–Vartanian–Carlo* principles do not apply in this case and urges the Court to apply the six-step test articulated in *Stetson v. PFL Insurance Co.,* 16 F.Supp.2d 28 (D.Maine 1998), wherein this Court applied the test to determine whether ERISA preempted the plaintiff's state law claim of negligent misrepresentation against the defendant insurer. However, that case did not involve claims against an employer acting in its ERISA fiduciary capacity and the alleged misrepresentations transpired prior to the existence of the ERISA plan under which the plaintiffs were later covered. *See id.* at 32–33. Accordingly, the Court in

*Stetson* rejected the line of reasoning in the *McMahon, Vartanian,* and *Carlo* cases. The multi-factor test was applied in that case because the plaintiff's claims arose from alleged misrepresentations that occurred prior to the existence of the ERISA policy. *See Stetson,* 16 F.Supp.2d at 33. Although the Court does not limit the applicability of the *Stetson* multi-factor test, it is clear that here, where the plaintiff's state law claim is against his employer, essentially is a claim seeking benefits under the ERISA policy, and arises out of facts that transpired after the ERISA plan was established, the *McMahon–Vartanian–Carlo* principles apply.

of Mr. Beegan's Amended Complaint against his employer, Associated Press, are **DISMISSED** because Associated Press is not a proper defendant as it did not exercise any control or influence over the LTD Policy. The Court further concludes that Count III of Mr. Beegan's Amended Complaint is preempted by ERISA. Accordingly, it is **ORDERED** that Defendant Associated Press's Motion to Dismiss By the Associated Press With Incorporated Memorandum of Law (Docket No. 3) be, and it is hereby, **GRANTED.**

So **ORDERED.**