**Susan BELANGER, Plaintiff,**

v.

**HEALTHSOURCE OF MAINE and CMG Health, Defendant.**

**No. Civ.A. 99–10–B.**

United States District Court,
D. Maine.

Sept. 15, 1999.

Sandra Hylander Collier, Ellsworth, ME, for plaintiff.

David P. Silk, Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, ME, for defendant Healthsource.

Gregory Paul Hansel, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for defendant CMG Health.

### ORDER and MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff, Susan Belanger ("Belanger"), brings this action against Defendants Healthsource of Maine ("Healthsource") and CMG Health ("CMG"). Plaintiff filed a Second Amended Complaint alleging negligence (Count I), breach of contract (Count II), violations of the Maine Unfair Trade Practices Act, Me.Rev.Stat.Ann. tit. 5, § 206 et seq., (Count III) and violations of the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. (Count IV).

Before the Court are separate Motions to Dismiss from both Defendants. For reasons discussed below, Counts I, II, & III are DISMISSED WITH PREJUDICE and Count IV DISMISSED WITHOUT PREJUDICE.

## I. STANDARD for MOTION TO DISMISS

In assessing a Motion to Dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), the Court takes "as true all well-pleaded factual averments" and indulges every reasonable inference in Plaintiff's favor. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996). The Court may grant Defendant's Motion to Dismiss "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990).

## II. BACKGROUND

Belanger is employed by Jackson Memorial Laboratory. Through her employer, she receives health insurance provided by Healthsource. In 1996, Belanger suffered an acute episode of mental illness that led to her hospitalization at Kennebec Valley Medical Center. She was admitted to the hospital for treatment on September 13, 1996. On October 21, 1996, Belanger was still being treated as an inpatient when she was notified that her insurance would not cover her hospital stay.

This decision to deny coverage was reached by CMG, a company that had a contract with Healthsource to administer mental health benefits. CMG and Healthsource informed the hospital that they would not cover the cost of Belanger's stay on October 23, 1996. As a result, Belanger was discharged on October 25, 1996. She continued to receive treatment in an outpatient transition program, which CMG allegedly agreed to cover.

Belanger's bill for her inpatient treatment amounted to $41,000. She first appealed CMG's denial of coverage on November 14, 1996. CMG informed Belanger that this appeal was denied on January 21, 1997. Belanger then filed a "second level" appeal on February 18, 1997. Although Belanger inquired, CMG did not offer a justification of their denial or refer Belanger to specific Plan provisions that explained why they denied her benefits for the inpatient treatment. On April 18, 1997, CMG paid the outstanding inpatient bill. CMG has not paid the bill for Belanger's outpatient treatment nor have they responded to subsequent requests for an explanation of their initial denial of inpatient benefits.

## III. DISCUSSION

### A. State Claims (Counts I, II & III)

Plaintiff originally filed this case alleging three state causes of action: negligence, breach of contract, and violations of the Maine Unfair Trade Practices Act. Although the Plaintiff has amended her complaint to allege violations of ERISA, Plaintiff maintains that her state claims are not preempted by ERISA. (Pl.Mem. in Opp. to D.s' Mot. to Dismiss at 2–5.) However, the preemption language of ERISA section 1144 has been construed to "preclude state claims to enforce rights under an ERISA plan or obtain damages for the wrongful withholding of those rights." *Turner v. Fallon Community Health Plan Inc.,* 127 F.3d 196, 199 (1st Cir.1997) (explaining that "this construction has been repeatedly followed") (citations omitted).

The First Circuit has very recently explained that two types of state laws are preempted by ERISA: "(1) laws that amount to 'alternative enforcement mechanisms' and (2) laws that present the threat of conflicting and inconsistent regulation that would frustrate uniform national administration of ERISA plans." *Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir.1999) (citing *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 656–58, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995)).

In *Danca*, the First Circuit applied this analysis to conclude that the plaintiff's negligence claims, arising out of her insurance plans failure to precertify her for doctor-recommended mental health treatment, were preempted. *See id.* at 4–5. *See also Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 793–94 (1st Cir.1995) (finding plaintiff's state-based misrepresentation claims were preempted by ERISA); *Beegan v. Associated Press*, 43 F.Supp.2d 70, 76 (D.Me.1999) (finding plaintiff's breach of contract claim was preempted by ERISA).

■ This Court reaches the same conclusion. Because Plaintiff's state claims amount to "alternative enforcement mechanisms" and allowing such claims would frustrate the uniform administration of ERISA plans, they are completely preempted by ERISA. *See* 29 U.S.C. § 1144(a).

Therefore, Defendants' Motion to Dismiss is granted as to Counts I, II, & III.

## B. ERISA Claim (Count IV)

Assuming every reasonable inference in Plaintiff's favor, Plaintiff appears to have two possible grounds for an ERISA claim. First, Plaintiff may be able to state a claim to recover benefits for outpatient treatment received since her discharge in October 1996. Second, Plaintiff could seek to enforce her right to a written explanation for CMG's denial of coverage from November 1996 through April 1997 under section 1133 of ERISA. Plaintiff's Second Amended Complaint, however, does not allege the facts necessary to obtain relief on these potential claims.

### 1. Section 1132(a)

■ Under ERISA section 1132(a), a participant in an ERISA plan may bring a civil action to recover benefits, enforce rights, or clarify future rights under the terms of the plan. *See* 29 U.S.C. § 1132(a)(1)(B). Remedies under this provision are limited to the benefits due and injunctive or declaratory relief. *See Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 824 (1st Cir.1988); *Conners v. Maine Medical Center*, 42 F.Supp.2d 34, 57 (D.Me.1999) (explaining that section 1132(a) "does not support a claim for compensatory damages"). Before pursuing these remedies in federal court, a participant must exhaust administrative remedies available under the plan. *See Drinkwater*, 846 F.2d at 825–26; *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991). This exhaustion requirement may be waived if the Court finds that attempts by the plaintiff to exhaust available administrative remedies would be futile or result in an inadequate remedy. *See Drinkwater*, 846 F.2d at 826 (citations omitted). Until a plan participant has exhausted or reached an impasse under a plan's administrative procedures, it is inappropriate for the courts to review a claim that has not been "fully considered" by the plan itself. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996) (explaining the policy reasons for the exhaustion requirement).

■ In this case, Plaintiff's Amended Complaint alleges neither that Belanger's administrative remedies have been exhausted nor that attempts to do so would be futile. Specifically, Plaintiff has not alleged in her complaint that she attempted to pursue any administrative remedies regarding Defendant's failure to pay for her outpatient treatment. Because Plaintiff has not pleaded any facts relating to the procedure she followed for appealing this denied claim, it is impossible for the Court to determine whether Plaintiff has exhausted her administrative remedies or whether Plaintiff should be exempted from the exhaustion requirement.

Since Plaintiff has failed to plead facts sufficient to state a claim upon which relief may be granted, the Court will dismiss without prejudice Plaintiff's claim under Count IV to the extent it seeks to recover under section 1132(a).

## 2. Section 1132(c)

Plaintiff argues in her reply papers that she is also seeking relief under section 1132(c)(1), which allows a court to impose personal liability up to $100 a day on a plan administrator for failing or refusing to supply requested information to a plan participant. *See* 29 U.S.C. § 1132(c)(1). Plan administrator is a term of art under ERISA defined in section 1002(16)(A). *Compare* 29 U.S.C. § 1002(16)(A) (defining "administrator") *with* 29 U.S.C. § 1002(1) & (3) (defining "employee welfare benefit plan" and "employee benefit plan"). *See also, e.g., Beegan,* 43 F.Supp.2d at 73 (explaining difference between plan "as an entity" and plan administrator).

■ Plaintiff's Second Amended Complaint has not alleged that either of the named Defendants is the plan administrator. Defendant CMG in its response to Plaintiff's Memorandum in Opposition claims that neither it nor Healthsource could be the plan administrator as defined under ERISA and the corresponding regulations. (Def. CMG's Reply to P.'s Opp. to Dismissal at 2–3). Because Plaintiff has failed to distinguish between "the plan" and "the plan administrator," the Court cannot reasonably infer from the facts alleged that Plaintiff has stated a claim under section 1132(c).

Therefore, the Court dismisses Count IV without prejudice.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is GRANTED as to Counts I, II, and III. The Court also DISMISSES WITHOUT PREJUDICE Count IV of the Second Amended Complaint.

*SO ORDERED.*