Eric P. NICHOLSON, Plaintiff

v.

The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, Defendant

No. CIV.02–202–P–C.

United States District Court, D. Maine.

Jan. 7, 2003.

James B. Smith, Esq., Woodman Edmands Danylik & Austin, P.A., Biddeford, ME, for Plaintiff.

Edward P. O'Leary, Esq., Amy C. Cashore–Mariani, Esq., Fitzhugh, Parker & Alvaro LLP, Boston, MA, for Defendants.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

GENE CARTER, Senior District Judge.

Defendant,[1] The Prudential Insurance Company of America ("Prudential"), moves to dismiss all claims asserted against it in this action which it removed to this Court from the Maine Superior Court, York County. On the same day on which he filed his opposition to the Motion to Dismiss, Plaintiff also filed a Motion to Amend His Complaint. Defendant opposes that motion. For the reasons stated below, the Court will grant Defendant's Motion to Dismiss and grant in part Plaintiff's Motion to Amend his Complaint.

### I. Factual Background

The Complaint includes the following relevant factual allegations. Plaintiff, a resident of Old Orchard Beach, Maine, was employed by Staples, Inc. as the general manager of its store in Newington, New Hampshire from on or about February 18, 2001, at least until he stopped working on May 7, 2001. Complaint (Exhibit A to Notice of Removal (Docket Item No. 1)) ¶¶ 1, 3, 8–9. As a benefit of his employ-

---

1. At this time, there is only one Defendant in this action. Although the proposed Amended Complaint submitted by Plaintiff with his motion for leave to amend, Docket Item No. 9, lists a second Defendant, there is no evidence in the file that service has yet been attempted on this potential party.

ment, Staples provided Plaintiff with a short-term disability insurance policy paid for by Staples and underwritten by Prudential and the opportunity to obtain long-term disability insurance underwritten by Prudential, a plan in which Plaintiff enrolled at his own expense. *Id.* ¶¶ 4–5. Plaintiff's long-term disability coverage became effective April 1, 2001. *Id.* ¶ 7. Plaintiff stopped working on May 7, 2001, as a result of chronic fatigue syndrome and is under the regular care of a physician. *Id.* ¶¶ 8–10. Plaintiff received short-term disability benefits from on or about May 14, 2001, until July 2, 2001, when Prudential terminated those benefits and disallowed his application for long-term disability benefits. *Id.* ¶¶ 11–12. Plaintiff remains unable to perform the substantial duties of his occupation. *Id.* ¶ 13.

## II. Discussion

### A. Motion to Dismiss

Defendant's Motion to Dismiss invokes Fed.R.Civ.P. 12(b)(6). The Prudential Insurance Company of America's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted ("Motion to Dismiss") (Docket Item No. 6) at 1. "When presented with a motion to dismiss, the district court must take as true the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor." *Medina–Claudio v. Rodriguez–Mateo*, 292 F.3d 31, 34 (1st Cir.2002) (citation and internal punctuation omitted). Defendant is entitled to dismissal for failure to state a claim only when the allegations are such that Plaintiff can prove no set of facts to support the claim for relief. *See Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 30 (1st Cir.2000) (citation and internal punctuation omitted); *see also Tobin v. University of Maine Sys.*, 59 F.Supp.2d 87, 89 (D.Me.1999).

Plaintiff's Complaint appears to allege breach of contract (Count I) and violation of 24–A M.R.S.A. § 2436–A, which deals with unfair claims settlement practices by insurers (Count II). Complaint at 3–4. Prudential contends that these are state-law claims which are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and accordingly must be dismissed. Motion to Dismiss at 1. Plaintiff admits that the claims are appropriately characterized by Prudential, Plaintiff's Opposition to Defendant's Motion to Dismiss, etc. ("Dismissal Opposition") (Docket Item No. 8) at 1, but contends that, if preempted, they should be considered transformed into claims under ERISA rather than dismissed, *id.* at 3–4. At the same time, Plaintiff filed a proposed Amended Complaint that repeats these claims against Prudential, [Proposed] Amended Complaint (attached to Plaintiff's Motion to Amend His Complaint (Docket Item No. 9)), Counts II and IV, asserts several claims against Staples, and adds a claim against Prudential alleging ERISA violations (Count VI). Prudential opposes the motion for leave to amend on the ground of futility, asserting that it is not a fiduciary with regard to the short-term disability plan, and thus may not be held liable on Plaintiff's claims with respect to that plan, and that the allegations in the proposed Amended Complaint fail on their face to establish Plaintiff's eligibility for benefits under the long-term disability plan. Memorandum of the Prudential Insurance Company of America in Opposition to Plaintiff's Motion to Amend His Complaint ("Amendment Opposition") (Docket Item No. 14) at 2.

ERISA's preemption provision is found at 29 U.S.C. § 1144(a): "[T]he provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or

hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." "State law" is defined to include any state action "having the effect of law." 29 U.S.C. § 1144(c)(1). Plaintiff does not contend that any employee benefit plan that might be involved in this case is exempt under 29 U.S.C. § 1003(b).

■ The Supreme Court has addressed ERISA preemption on several occasions, as has the Court of Appeals for the First Circuit. It is clear that state-law claims for breach of contract are preempted by ERISA under certain conditions. *See, e.g., Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The same is true of claims invoking state statutes governing insurance claims practices. *Id.* at 50–52, 107 S.Ct. 1549. "ERISA preemption analysis ... involves two central questions: (1) whether the plan at issue is an 'employee benefit plan' and (2) whether the cause of action 'relates to' this employee benefit plan." *McMahon v. Digital Equip. Corp.,* 162 F.3d 28, 36 (1st Cir.1998). "A law 'relates to' a covered employee benefit plan ... if it [1] has a connection with or [2] reference to such a plan." *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.,* 519 U.S. 316, 324, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997) (additional internal quotation and other marks and citations omitted). A common-law cause of action "premised on the existence of an ERISA plan" is preempted. *Id.* "[A] state law cause of action is expressly preempted by ERISA where a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan." *McMahon,* 162 F.3d at 38.

■ It is clear that both of Plaintiff's state-law claims asserted in his Complaint are preempted by ERISA. *See, e.g., Hampers v. W.R. Grace & Co.,* 202 F.3d 44, 51–52 & n. 10, 54 (1st Cir.2000) (breach of contract); *Bast v. Prudential Ins. Co. of Am.,* 150 F.3d 1003, 1007–08 (9th Cir.1998) (breach of contract; asserted violation of state statute imposing duty to act in good faith); *Tri–State Mach., Inc. v. Nationwide Life Ins. Co.,* 33 F.3d 309, 314–15 (4th Cir.1994) (breach of contract; asserted violation of state statute delineating unfair trade practices in business of insurance); *Brandner v. Unum Life Ins. Co. of Am.,* 152 F.Supp.2d 1219, 1225–28 (D.Nev. 2001) (breach of contract; asserted violation of state statute regulating unfair insurance practices). Nevertheless, Plaintiff contends that dismissal is inappropriate even when preemption is established. In the instant case, there is no need to determine whether Plaintiff's preempted state-law claims might be construed to state federal-law claims under ERISA since Plaintiff has moved to amend his Complaint to include an explicit claim against Prudential under ERISA. In the Amended Complaint, the state-law claims (Counts II and IV), by Plaintiff's own argument would be duplicative. Accordingly, the Court will grant Defendant's Motion to Dismiss and not permit the inclusion of the state-law claims (Counts II and IV) in the Amended Complaint. *See Belanger v. Healthsource of Maine,* 66 F.Supp.2d 70, 73 (D.Me.1999) (dismissing preempted state-law claims).

### B. Motion to Amend

■ Plaintiff has moved to amend his Complaint pursuant to Rule 15(a) asserting four additional counts: one ERISA claim asserted against Prudential (Count VI) and the three claims asserted against Staples, Inc. (Counts I, III and V). Rule 15 indicates that leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). When leave to amend a complaint is sought be-

fore discovery is complete and neither party has moved for summary judgment, a proposed amendment may be found to be futile only if it sets forth no scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory. *See Hatch v. Department for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir.2001). The criteria of Rule 12(b)(6) are applicable. *Id.*

At this early stage in the case, the Court sees no reason why Plaintiff should not be permitted to amend his Complaint to add claims against Staples. The Court will grant Plaintiff's Motion to Amend with respect to Counts I, III, and V. Remaining for consideration is Count VI of the proposed Amended Complaint, which invokes section 1132(a)(1)(B) of ERISA against Prudential. *See* Amended Complaint ¶ 31. Section 1132(a)(1)(B) provides, in pertinent part, a cause of action for a plan participant or beneficiary to recover benefits due under the terms of the plan or to enforce rights under the terms of the plan. *See* 29 U.S.C. § 1132(a)(1)(B). Although Count VI, by its terms, appears to assert a claim only with respect to long-term disability benefits, Prudential contends that Count VI fails to state a claim against it for either short-term or long-term disability benefits, because it is not a fiduciary with respect to the short-term disability plan and because Plaintiff fails to qualify for benefits under the long-term plan. Memorandum of The Prudential Insurance Company of America in Opposition to Plaintiff's Motion to Amend His Complaint ("Amend-

ment Opposition") (Docket Item No. 14) at 8–15.

 If the proposed Amended Complaint may fairly be construed to assert an ERISA claim against Prudential arising out of the short-term disability plan, Prudential's position is correct. "Courts have determined that when the plan administrator retains discretion to decide disputes, a third[-]party service provider ... is not a fiduciary of the plan, and thus not amenable to a suit under § 1132(a)(1)(B)." *Terry v. Bayer Corp.*, 145 F.3d 28, 35 (1st Cir.1998). The proper defendant in an action concerning ERISA benefits is the party that controls administration of the plan. *Id.* at 36. In this case, Exhibit B to the initial Complaint, a Staples document entitled "Summary of Benefits," states that short-term disability insurance is "a company-paid benefit." Complaint, Exh. B at 2.[2] The agreement between Staples and Prudential concerning this plan provides, in relevant part, that the purchaser—Staples—"retains complete authority and responsibility for the Plan, its operation, and the benefits provided thereunder, including all fiduciary duties under [ERISA]." Limited Administrative Services Agreement No. 24329 (Exh. A to Amendment Opposition) ¶ I(A). The services to be provided by Prudential are described, in their entirety, as "assist[ing] the Purchaser in determining the benefits due and the duration of benefits under the Purchasers [sic] plan of benefits for any claim referred to Prudential by the Purchaser for the purpose of such determina-

---

2. In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents expressly incorporated into the complaint and documents the authenticity of which is not disputed by the parties, official public records, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint. *See Alternative Energy. Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001). Here, the Staples Summary of Benefits and the Long Term Disability Plan are attached to the complaint as Exhibits B and G and, if not expressly incorporated therein, are *certainly* sufficiently referred to in that document. The agreement for services between Staples and Prudential, discussed below, is central to Plaintiff's claims based on the short-term disability plan.

tion." *Id.* Exh. A ¶ I. "When a plan administrator retains discretion to determine the outcome of disputed claims, a third[-]party administrator, even one who makes the initial claim determination, is not a fiduciary" for ERISA purposes. *Kodes v. Warren Corp.*, 24 F.Supp.2d 93, 101 (D.Mass.1998). Prudential cannot reasonably be considered to be other than a third-party administrator with respect to the Staples short-term disability plan and, as such, is not a proper party to any ERISA claim based on that plan. *See Beegan v. Associated Press*, 43 F.Supp.2d 70, 73 (D.Me.1999). To the extent that the proposed Count VI may be read to assert a claim arising out of the short-term disability plan, it fails to state a claim against Prudential, and the proposed amendment, accordingly, would be futile with respect to Prudential.

With respect to the long-term disability plan, Prudential asserts that Plaintiff has failed to satisfy that plan's "elimination period" requirement and, thus, is not entitled to benefits under the plan. Amendment Opposition at 13. The plan requires that a claimant must be continuously disabled for 26 weeks or long enough to exhaust other available disability benefits before qualifying for benefits under the plan. Prudential Long Term Disability Coverage [for] Staples, Inc. ("the Plan"), Exh. G to Complaint, at 4–5. By the terms of his initial Complaint and proposed Amended Complaint, Plaintiff received short-term disability benefits for a period of approximately 50 days, Complaint ¶¶ 11–12; Amended Complaint ¶¶ 12–13, which did not exhaust the 180 days of coverage available under that plan, Complaint Exh. B at 2. However, contrary to Prudential's unsupported assertion, this does not establish that Plaintiff was "[not] deemed disabled continuously for 26 weeks." Amendment Opposition at 14. The language in the long-term disability plan on which Prudential relies states that benefits are not payable until the earlier of "[t]he end of the first 26 weeks of continuous Disability" or that date, during that period, on which maximum benefits for a period of disability under any other plan are exhausted. Plan at 5. Both the initial Complaint and the proposed Amended Complaint allege that Plaintiff has been continuously disabled from May 7, 2001, to the date of the pleading, Complaint ¶¶ 8–9, 12–13 (filed in state court on or about September 9, 2002, Notice of Removal from the York County Superior Court (Docket Item No. 1) ¶ 1); Amended Complaint ¶¶ 9–10, 13–14 (filed in this Court on November 5, 2002), a period much longer than 26 weeks. The long-term disability plan does not require that the 26–week period be "deemed" by any particular party other than Prudential. Plan at 10. The proposed Amended Complaint, construed as required in connection with a motion to dismiss, appears to meet the eligibility requirement on which Prudential relies. Accordingly, the Motion to Amend would not be futile as to the ERISA claim asserted in Count VI to the extent that claim is based on the long-term disability plan.

### III. Conclusion

It is **ORDERED** that Prudential's Motion to Dismiss be, and it is hereby, **GRANTED**. It is further **ORDERED** that Plaintiff's Motion to Amend his Complaint be, and it is hereby, **GRANTED** as to Counts I, III, and V asserted against Staples, Inc. and Count VI to the extent that it asserts a claim against Prudential under ERISA arising out of the long-term disability plan only and **DENIED** with respect to Counts II and IV and that part of Count VI which asserts a claim against Prudential under ERISA arising out of the short-term disability plan.