**Beth A SCHAFFER**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA**

**No. CIV.A.03–CV–133.**

United States District Court, E.D. Pennsylvania.

Dec. 30, 2003.

Daniel J. Zucker, Law Offices of Daniel J. Zucker, Philadelphia, PA, for Beth A. Schaffer, Plaintiff.

Elizabeth F. Abrams, Reed Smith LLP, Philadelphia, PA, for the Prudential Insurance Company of America, Defendant.

### Statement of the Case

BAYLSON, District Judge.

On January 10, 2003, Beth Schaffer ("Plaintiff") filed a Complaint with the Court alleging a cause of action under the Employment Retirement Income Security Act of 1972 ("ERISA"), alleging that she was wrongfully denied certain disability benefits for which she claims to have been eligible under a group long term disability insurance policy sponsored by her employer and funded by the Prudential Insurance Company of America ("Prudential" or "Defendant"). Thereafter, on March 10, 2003, the Court approved a Stipulation and Consent Order, executed by counsel for both parties, and entered an Order temporarily staying the proceedings so that Plaintiff could pursue and exhaust her remaining administrative remedies.

During the pendency of this stay, Plaintiff contends that she pursued her third and final administrative appeal regarding Defendant's denial of her disability benefits. Following this appeal, Plaintiff was awarded the long term disability benefits she sought. However, Defendant refused

to pay Plaintiff's attorney fees and costs. As such, on September 16, 2003, Plaintiff filed a motion for attorney fees and costs pursuant to ERISA.

Defendant contests this motion. Defendant maintains that prior to commencing her cause of action in federal court, Plaintiff failed to exhaust her administrative remedies, thereby depriving the Court of subject matter jurisdiction over her claims.

Before seeking judicial relief, Plaintiff's group policy plan required her to submit to at least two levels of administrative review. She also had available a third, voluntary level of administrative review. In arguing that Plaintiff did not exhaust her administrative remedies, Defendant contends that prior to filing suit in federal court Plaintiff exhausted only her first level of administrative review—making the filing of her complaint premature. Furthermore, Defendant contends that Plaintiff received the requested benefits at the second level of administrative review, thereby making her cause of action moot.

In support of this contention, Defendant argues that the steps taken by Plaintiff, prior to filing her Complaint, did not constitute a second appeal, but rather a first appeal. These steps included sending a letter to Defendant, which stated that it constituted "notice of appeal," (Pl's Ltr. 7/2/2002), and filing with Defendant various medical records and reports.

In addition, Defendant argues that attorney's fees and costs cannot properly be awarded in this case because ERISA only provides for attorney's fees where there have been valid proceedings at the trial court level. Hence, Plaintiff contends that the Court cannot award attorney fees and costs where an issue reaches resolution through administrative rather than judicial review.

In opposition, Plaintiff contends that Defendant is estopped from arguing that Plaintiff did not exhaust her administrative remedies prior to filing suit with the Court. In support of this claim, Plaintiff maintains that Defendant admitted, in the aforementioned Consent and Stipulation Order, that Plaintiff's next appeal, following the stay, would constitute her "last" administrative appeal. The Order provided that:

- Plaintiff intends to promptly and timely file an appeal and exhaust her administrative remedies; and
- [T]he parties agree that Plaintiff shall be deemed to have filed her last administrative appeal of Prudential's benefit determination, set forth in its letter dated December 24, 2002 as the filing date of the Complaint.

The Court held oral argument on this issue on October 22, 2003, and concurs with Defendant that it cannot award Plaintiff attorney fees and costs. The Court lacked subject matter jurisdiction over Plaintiff's initial cause of action, and attorney fees and costs cannot be awarded under ERISA where an issue reaches resolution through administrative review, as plaintiff's case becomes moot.

### Discussion

The Court cannot award Plaintiff attorney fees and costs. To make such an award, the Court must possess statutory authority. However, Section 1132(g) of ERISA, 29 U.S.C. § 1132(g), which provides for the award of attorney fees and costs, can only be triggered once a valid civil action has been commenced pursuant to section 1132(a). Plaintiff filed her cause of action prematurely. Thus, she failed to file a justiciable cause of action. The Court, therefore, lacks the statutory authority and subject matter jurisdiction to grant Plaintiff's request for attorney fees and costs. Additionally, even if the Court construed Plaintiff's petition for attorney fees and costs as a new cause of action, it could not award the requested relief.

Where a plaintiff's claim has been fully resolved at the administrative level, such as in the case at hand, courts may not make an award of attorney fees and costs.

## I. Because Plaintiff Did Not Exhaust Her Administrative Remedies Prior to Filing Her Initial Cause of Action, the Court Must Dismiss it for Lack of Subject Matter Jurisdiction

 Despite the admissions of the parties in the Stipulation and Consent Order, the Court cannot conclude that Plaintiff exhausted her administrative remedies prior to filing her cause of action. Consequently, the Court must conclude that it did not and does not possess subject matter jurisdiction over Plaintiff's cause of action. To bring an ERISA claim, a plaintiff must exhaust all of her administrative remedies. *McCarthy v. Pelino & Lentz, P.C.*, NO. 94–4861, 1994 WL 649333, at *2, 1994 U.S. Dist. LEXIS 16535, at *6 (E.D.Pa. Nov. 12, 1994) (citing *Wolf v. National Shopmen*, 728 F.2d 182, 185 (3d Cir.1984)); *See also Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir.1990) ("a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan."); *Belanger v. Healthsource of Maine.*, 66 F.Supp.2d 70, 73 (D.Me.1999) ("Before pursuing [ERISA] remedies in federal court, a participant must exhaust administrative remedies available under the plan.").

Courts have long held that subject matter jurisdiction does not constitute a waiveable defense. In addressing this issue, the Supreme Court held that subject matter jurisdiction constitutes

> an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign.

Certain legal consequences directly follow from this. For example, *no action of the parties* can confer subject-matter jurisdiction upon a federal court. Thus, *the consent of the parties is irrelevant,* principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (internal citations omitted) (emphasis added); *See also, Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("subject-matter jurisdiction ... is nonwaivable and delimits federal-court power."). Hence, the admissions of the parties in the Consent and Stipulation Order can be of no consequence if the true facts of the case indicate that the Court lacks subject matter jurisdiction.

As noted above, the facts of this case do not support Plaintiff's interpretation of the Stipulation and Consent Order. Consequently, the Court cannot conclude that Plaintiff exhausted her administrative remedies before filing her ERISA cause of action.

On April 30, 2002, Defendant sent Plaintiff a letter informing her that Defendant has reviewed her claim and has determined that she does not qualify for long term disability benefits. (Def's Ltr. 4/30/2002.) The letter also outlined the process for administrative review under Plaintiff's Group Policy Plan. If Plaintiff wished to have this determination reconsidered, the Plan required her to submit to at least two levels of administrative review, stating that "[a]fter completion of the first two levels of appeal, you [Plaintiff] may also file a lawsuit under [ERISA]." [1] (*Id.*)

---

1. Plaintiff's characterization of Defendant's letter is incorrect. Plaintiff contends that the letter stated that she may appeal for a second time. (Pl's Pet. for Fees and Costs at ¶ 3.) However, the plain language of the letter indicates that it did not constitute a denial of

The plan also made available a third, optional level of administrative review. (*Id.*) Consequently, before filing suit in federal court, Plaintiff had to exhaust at least two levels of administrative review.

Shortly after receiving this letter, Plaintiff's attorney notified Defendant of Plaintiff's intent to appeal the denial of her long term disability benefits. (Pl's Ltr. 7/2/2002.) In support of this appeal, Plaintiff's counsel filed various medical records and reports to Defendant related to Plaintiff's disability. However, Defendant upheld its initial determination and denied Plaintiff's appeal, notifying Plaintiff of this decision by way of letter, dated December 24, 2002. This completed the first level of administrative appeal.

Because no other administrative appeal had been initiated by Plaintiff prior to this point in time, the Court must conclude that the appeal described above constituted Plaintiff's first administrative appeal. Additionally, the letter informing Plaintiff of the denial of this appeal explained that she "may again appeal this decision," and that "if [the] decision to deny benefits is upheld at the *second level of appeal*, [she] may file a voluntary third appeal." (Def's Ltr. 12/24/2003) (emphasis added.)

Shortly thereafter, on January 10, 2003, Plaintiff filed this suit, bypassing the mandatory second administrative appeal. Thereafter, this Court entered an Order on March, 7, 2003, which temporarily stayed the proceedings so that Plaintiff could pursue and exhaust all remaining administrative remedies available to her.

Defendant did not raise the issue of subject matter jurisdiction at this stage of the proceedings. In fact, Defendant stipu-

lated that Plaintiff's next administrative appeal would constitute her last administrative appeal—a proviso Plaintiff's attorney insisted upon. (*See* Docket No. 4.) Under Plaintiff's Group Policy Plan, her "last" appeal would constitute her third, voluntary appeal, which could be filed with Defendant concurrently with a suit in federal court. However, the Court's renewed examination of the facts of the case indicates that Plaintiff never, in fact, filed her second administrative appeal prior to filing this case. As such, the Court did not possess the requisite subject matter jurisdiction to assume control of the case and to enter the March 7th Order staying the case. The fact that Plaintiff's claim has equitable merit, and that defense counsel's signature on the Stipulation and Consent Order was at least inconsistent with Defendant's present contention and possibly misleading, is irrelevant under the precedent that this Court must follow. Thus, the Court lacks the statutory authority and, therefore, the subject matter jurisdiction to award Plaintiff attorney fees and costs under ERISA.

## II. Attorney Fees and Costs Cannot be Awarded Where a Dispute is Settled at the Administrative Level Prior to the Filing of a Valid Cause of Action

▇ Even if the Court were to construe Plaintiff's request for attorney's fees and costs as a new cause of action, the Court could not award attorney fees and costs. Where a matter has been resolved through administrative proceedings before a plaintiff files a valid cause of action, courts cannot award attorney fees and costs pur-

---

Plaintiff's first appeal, but rather a denial of Plaintiff's initial application for long term disability benefits. The plain language of the letter also clearly states that Plaintiff must file at least two appeals before filing a cause of action in federal court and that she has a

third, voluntary level of administrative review available to her. Nothing in the letter supports Plaintiff's assertion that it informed her of her right to "appeal the decision for a second time." (*Id.*).

suant to ERISA. This holding comports with legal precedent interpreting the appropriateness of attorney fees and costs pursuant to ERISA.

The Court could find no Third Circuit case law directly addressing this issue. Its conclusion, therefore, rests upon its examination of how other courts have dealt with the issue. The Ninth Circuit has taken the most extreme position in support of this rule of law. In *Cann v. Carpenters' Pension Trust Fund for Northern Cal.*, 989 F.2d 313, 316 (9th Cir.1993), the Ninth Circuit interpreted ERISA as limiting the award of attorney fees and costs as encompassing only those "fees incurred in the litigation in court." Thus, the Ninth Circuit upheld the District Court's refusal to award attorney fees and costs for legal services provided at the administrative level prior to the commencement of plaintiff's civil action. *Id.* at 317. Under this test, attorney fees and costs can never be recovered for work done at the administrative level.

Other courts have taken a less restrictive approach. These courts have awarded attorney fees and costs for administrative work, but only if that work preceded the filing of a valid cause of action. No cases have allowed a plaintiff to recover attorney fees and costs where a matter reaches resolution exclusively at the administrative level of review. For example, the District Court for the District of Delaware, in *Hamilton v. The Bank of New York*, awarded attorney fees and costs associated with administrative proceedings that preceded the plaintiff's cause of action in federal court. *See Hamilton v. The Bank of New York*, No. 94–436, 1995 WL 447659, at *7–8, 1995 U.S. Dist. LEXIS 10464, at * 21–22 (D.Del. July 18, 1995). However, in awarding attorney fees and costs, the court made an important caveat, noting that had the administrators of plaintiff's long term disability plan "reversed [their]

decision [before the parties filed suit] ... the Plaintiff [would] not [be] entitled to attorneys' fees." *Id.* 1995 WL 447659, at *7, 1995 U.S. Dist. LEXIS 10464, at * 20; *See also Anderson v. Procter & Gamble Co.*, 220 F.3d 449 (6th Cir.2000) (criticizing *Cann* as overly restrictive but noting that "no court has ever held that a plaintiff who settles all of her ERISA claims at the administrative stage and files suit only to recover costs is permitted to recover attorney's fees under [ERISA].").

The holdings in *Hamilton* and *Anderson* have special importance to the Court's present analysis because Plaintiff's dispute reached resolution before she exhausted her administrative appeals. As such, the caveat in *Hamilton* and the holding in *Anderson* apply, and the Court must deny Plaintiff's request for attorney fees and costs.

## Conclusion

Because Plaintiff did not first exhaust her administrative remedies, the court lacked subject matter jurisdiction over her original cause of action, and cannot award attorney fees and costs. Additionally, even if the Court were to construe Plaintiff's request for attorney fees and costs as a new matter, it cannot grant the requested relief, as attorney fees and costs are inappropriate in cases where a Plaintiff's claim reaches resolution at the administrative level of review.

An appropriate Order follows.

### *ORDER*

And now this 30th day of December 2003, in consideration of Plaintiff's Motion for Attorney Fees and Costs, it is hereby ORDERED that:

(1) Plaintiff's Motion for Attorney Fees and Costs (Docket No. 6) is DENIED, and because the Court finds that it lacks subject matter jurisdic-

tion over this matter, the case is DISMISSED with prejudice.