**Karen L. MANK as plan administrator for the Hannaford Health Plan, Plaintiff**

v.

**Ellen GREEN, Lloyd Green, Jack Simmons, and Berman & Simmons, P.A., Defendants**

**No. CIV.03–42–P–C.**

United States District Court, D. Maine.

Dec. 6, 2004.

---

Seth W. Brewster, Verrill & Dana, Gregg H. Ginn, Verrill & Dana, Portland, ME, for Karen L Mank, Plaintiff.

Julian L. Sweet, Berman & Simmons, P.A., Lewiston, Peter J. Rubin, Bernstein, Shur, Sawyer, & Nelson, Daniel J. Mitchell, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Ellen Green, Jack H. Simmons, Berman & Simmons, PA, Lloyd Green, Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

GENE CARTER, Senior District Judge.

This case arises out of the contention made by Plaintiff Karen L. Mank, Administrator of the Hannaford Health Plan, that Defendants Ellen Green and her lawyers, Jack H. Simmons and the firm of Berman & Simmons, P.A. ("the firm"), have failed to comply with a provision in an ERISA-governed employee health benefits plan dealing with the obligations of plan participants to reimburse the Plan for medical payments it makes on their behalf. The Administrator, however, in addition to filing claims against each of Defendants pursuant to the civil enforcement provisions contained in ERISA, also seeks to assert state law and federal common law claims against the Defendants sounding in unjust enrichment, fraud, tortious interference with contractual relations, and conversion. Arguing that these claims clearly exceed the scope of the relief permitted by ERISA, Defendants move pursuant to 12(c) to dismiss Plaintiff's claims under federal common law (Counts IV–VII) and state common law (VIII–XI). *See* Defendants' Motion for Judgment on the Pleadings (Docket Item No. 149). The Court agrees with Defendants and will order that Plaintiff's federal and state common law claims be dismissed.

### I. Factual Background

The Amended Complaint contains the following relevant allegations: As the result of injuries sustained by Mrs. Green on June 21, 2001, the Plan paid approximately $140,000 in medical bills on Mrs. Green's behalf. Amended Complaint ¶¶ 14–15. The Plan contains a right of recovery provision that entitles it to be reimbursed by Mrs. Green for payments she recovers from third parties. Amended Complaint ¶ 19. On July 31, 2001, and again on

October 3, 2001, Mrs. Green completed information request forms in which she acknowledged the right of recovery provision contained in the Plan and expressed her agreement and intent to be bound by that provision and comply with it. Amended Complaint ¶¶ 21–23. Mrs. Green retained Mr. Simmons and Berman & Simmons to represent her with regard to her injuries, and they were aware of both Mrs. Green's reimbursement obligation under the Plan and her acknowledgement of the Plan's right of recovery. Amended Complaint ¶¶ 25–26. Sometime during January 2002, Mr. Simmons and Berman & Simmons settled Mrs. Green's claims for $300,000 and proceeded to distribute the settlement proceeds to themselves and Mrs. Green without notifying the Plan of the settlement or making any payments to the Plan. Amended Complaint ¶¶ 29–32.

## II. Legal Standard

 Federal Rule of Civil Procedure 12(c) permits a party "[a]fter the pleadings are closed but within such time as not to delay the trial, ... [to] move for judgment on the pleadings." A motion under Rule 12(c) generally is treated in the same manner as a Rule 12(b)(6) Motion to Dismiss. *See, e.g., Oneida Indian Nation v. City of Sherrill,* 337 F.3d 139, 152 (2d Cir.2003). In reviewing a motion under Rule 12(c), the Court must accept as true all of the nonmoving party's well-pleaded factual averments and draw all reasonable inferences in its favor. *Feliciano v. Rhode Island,* 160 F.3d 780, 788 (1st Cir.1998). Judgment on the pleadings may be entered if the non-moving party can prove no set of facts in support of its claim that would entitle it to relief. *Id.*

## III. Discussion

 Initially, Plaintiff argues that the Court should not consider the instant Motion because it previously declined to act on the same arguments. Specifically, Plaintiff points to the Order on the Magistrate Judge's Recommended Decision issued on July 30, 2003 (Docket Item No. 18), wherein the Court stated that "[t]he resolution of Plaintiff's federal common law claims being related to the resolution of Plaintiff's ERISA claims, the Court will also reject the recommendation of the Magistrate Judge on the federal common law claims and retain supplemental jurisdiction over the state common law claims." Order Rejecting the Recommended Decision of the Magistrate Judge and Denying Defendants' Motion to Dismiss (Docket Item No. 18) at 2. The language cited by Plaintiff cannot be considered to be the Court's ruling on the substance of Defendants' preemption arguments. Although it certainly could have ruled on the preemption issues at that time, the Court was merely indicating that the pressing concentration of the case should be on "identifiable proceeds" in the possession of Defendants and leaving for another day the preemption issues. With the "identifiable proceeds" issue having now been resolved, *see* Memorandum of Decision and Order (Docket Item No. 127), the Court will now address the resolution of Plaintiff's state and federal common law·claims.

### A. State Common Law Claims

Plaintiff's Complaint asserts four claims under state law. Count VIII alleges unjust enrichment against Green; Count IX alleges fraud against Green; Count X alleges tortious interference with contractual relations against Simmons and the law firm; and Count XI alleges conversion against Simmons and the law firm. Complaint ¶¶ 84–109. Arguing that those claims are preempted by ERISA, Defendants move to dismiss all of the state law claims. Defendants contend that those claims are preempted because they each

require as a fundamental predicate the construction and enforcement by the Court of terms of the Plan, which is exclusively the province of ERISA.

ERISA is a comprehensive statutory scheme that governs employee benefit plans. *Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.*, 215 F.3d 136, 139 (1st Cir.2000). To this end, ERISA contains an expansive preemption clause, 29 U.S.C. § 1144(a), which provides that "the provisions of ... [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." The term "State laws," as used in section 1144(a), comprehensively includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). This broad definition encompasses common law causes of action under state law. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The preemption clause contained in section 1144(a) "indicates Congress's intent to establish the regulation of employee welfare benefit plans as exclusively a federal concern." *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (internal quotation marks and citation omitted).

Plaintiff argues that under First Circuit law, her state law claims do not "relate to" the Plan within the meaning of ERISA. The Court disagrees. It is obvious from Plaintiff's Complaint that her state law claims for unjust enrichment, fraud, tortious interference with contractual relations, and conversion are an attempt to utilize state law as an alternative enforcement mechanism. Plaintiff seeks damages under state law for the same conduct under which she invokes the applicability of ERISA's civil enforcement provisions in Counts I, II, and III. It has been repeatedly held that a cause of action "relates to" an ERISA plan when the court must evaluate and interpret the terms of the ERISA-regulated plan in order to determine liability under the state law. *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 52 (1st Cir.2000); *Nicholson v. Prudential Ins. Co. of America*, 235 F.Supp.2d 22, 25 (D.Me.2003). In this case, consideration of the reimbursement provision contained in the ERISA regulated Plan is an essential prerequisite to each of Plaintiff's state law claims and none of them can advance without the preliminary determination that, pursuant to the terms of the Plan, the Plan was entitled to receive payments from Defendants out of the settlement proceeds. As the Supreme Court recently explained, when a "federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Aetna Health, Inc. v. Davila*, —— U.S. ——, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (internal quotation and citation omitted). ERISA contains a carefully crafted and comprehensive civil enforcement mechanism that reflects policy choices by Congress to provide very specific and exclusive types of civil enforcement remedies in the ERISA context.

Plaintiff attempts to distinguish *Davila*, and the other cases relied upon by Defendants, by asserting that those cases stand for the proposition that state common law causes of action brought by plan participants based upon improper denial or processing of a benefits claim under 29 U.S.C. § 1132(a)(1)(B) are preempted. Without explaining the significance, Plaintiff simply points out that none of those cases address a claim such as this brought pursuant to 29 U.S.C. § 1132(a)(3) by a plan administra-

tor. This distinction is without meaning or force—both sections fall within the statute's civil enforcement provision and there is nothing in the case law suggesting that the reasoning in *Davila* or other cases should be limited to claims brought by plan participants and beneficiaries. Plaintiff's creativity in pleading her claim as one arising under state law, does not defeat the extensive preemptive force of ERISA.

## B. Federal Common Law Claims

■ Plaintiff also asserts claims sounding in federal common law. Like the state common law claims, Count IV alleges unjust enrichment against Green, Count V alleges fraud against Green, Count VI alleges interference with contractual relations against Simmons and the law firm, and Count VII alleges conversion against Simmons and the law firm. Defendants assert that through the federal common law claims Plaintiff is inviting the Court to expand ERISA to include remedies that go well beyond those set forth in ERISA's carefully crafted civil enforcement provisions, while simultaneously pursuing other explicit ERISA remedies based on the Defendants' alleged non-compliance with the terms of the Plan. Defendants contend that in each federal common law claim the relief Plaintiff seeks is repayment to, or reimbursement of, the Plan and as such those claims are inconsistent with ERISA's civil enforcement scheme. Plaintiff responds by arguing that, to the extent that the federal common law remedies are necessary to preserve Plan assets, the federal common law remedies that she seeks are consistent with the principal goal of ERISA and therefore should be recognized by the Court.

■ Although in very limited circumstances courts are permitted "to develop a federal common law of rights and obligations under ERISA-regulated plans," *Firestone Tire & Rubber Co. v. Bruch*, 489

U.S. 101, 110–11, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (citation and internal quotation marks omitted), this case is not one which requires the creation of a right under federal common law. The First Circuit has stated that "courts [must be] careful not to allow federal common law to rewrite ERISA's carefully crafted statutory scheme, and recognize that federal common law will only give rise to a claim pursuant to ERISA in the limited class of cases where the issue in dispute is of central concern to the federal statute." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 89 (1st Cir.2001) (citation and internal quotation marks omitted). In *Kwatcher v. Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 966–67 (1st Cir.1989), the Court of Appeals for the First Circuit concluded that an employer, who normally would not have standing to sue under the civil enforcement provisions of section 1132(a), could pursue a federal common law action for restitution to recover overpayments mistakenly made to an ERISA fund. In this context, the First Circuit has directed courts to permit the assertion of federal common law claims "when there is, in fact, a gap in the structure of ERISA or in the existing federal common law relating to ERISA." *Mauser v. Raytheon Co. Pension Plan for Salaried Employees*, 239 F.3d 51, 57 (1st Cir.2001); *see also O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262, 265 n. 4 (1st Cir.2001). No such gap is evident in the instant case brought by the Plan Administrator who has standing to assert an ERISA claim and is attempting to do so pursuant to section 1132(a).

The fact that Plaintiff may ultimately be found to lack a remedy under ERISA does not change the Court's conclusion on this point. *See Great–West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204, 220–21, 122 S.Ct. 708, 151 L.Ed.2d 635

(2002). Indeed, if Plaintiff does lack a remedy it will be due, at least in part, to her own failure to act when Green first informed her that Green was pursuing a claim against the third party who caused the accident and provided Plaintiff with the name and address of Green's attorney, Jack Simmons. At that point, it seems that the necessary foundation for equitable relief could have been laid. Therefore, Counts IV–VII will be dismissed.

Accordingly, the Court **ORDERS** that Defendants' Motion for Judgment on the Pleadings be, and it is hereby, **GRANTED** and Counts IV, V, VI, VII, VIII, IX, X, and XI be **DISMISSED**.